IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL PERSON, | CASE NO. 5:17-CV-1274 |
| Petitioner, | |
| | JUDGE DONALD C. NUGENT |
| v. | |
| | MAGISTRATE JUDGE |
| | JONATHAN D. GREENBERG |
| KIMBERLY CLIPPER, Warden | |
| | MEMORANDUM OPINION |
| Respondent. | |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Jonathan D. Greenberg. The Report and Recommendation (ECF #19), submitted on January 23, 2019, is hereby ADOPTED by this Court. As such, Petitioner Michael Person's ("Petitioner's" or "Person's") 28 U.S.C. § 2254 habeas corpus petition (ECF # 1) is DENIED.

**Procedural and Factual Background**

This case arises from Petitioner's conviction in Summit County, Ohio Court of Common Pleas for one count of rape, two counts of complicity to commit rape, one count of felonious assault, and one count of kidnapping. Petitioner was also found guilty of a sexually violent predator specification as to the rape and complicity to commit rape charges. (ECF #19 at 3). On October 10, 2014, the state trial court sentenced Petitioner to ten (10) years to life in prison for each of the rape and complicity to commit rape convictions; five (5) years imprisonment for the felonious assault conviction; and eleven (11) years imprisonment for the kidnapping conviction. The sentences for rape, complicity to commit rape, and kidnapping were to be served consecutively to each other and

the sentence for felonious assault was to be served concurrently with the other charges, for a total sentence of forty-one (41) years to life in prison. (*Id.* at 4).

On November 26, 2014, Petitioner perfected an appeal within the state court system and his conviction was affirmed on February 24, 2016. (*Id.* at 4-5). Petitioner did not timely appeal the state appellate court judgment and on May 31, 2016, he filed a Motion for Leave to file a Delayed Appeal and Notice of Appeal to the Supreme Court of Ohio. On July 27, 2016, the Supreme Court of Ohio denied Person's Motion and dismissed the appeal. (*Id.* at 5).

On June 16, 2017, this Court received Person's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF #1) and on August 7, 2017, Person filed a Motion to Amend his Petition (ECF #6) seeking to add two additional grounds for relief. (*Id.* at 5-7). Respondent moved to dismiss the Petition (ECF #8) on grounds that it was time barred by the Anti-Terrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), or in the alternative, the claims were not cognizable or had been procedurally defaulted. (*Id.* at 7). On September 13, 2017, Petitioner filed a combined Brief in Opposition and Motion to Hold his Petition in Abeyance (ECF #9), to which Respondent filed an Opposition on September 27, 2017. (ECF #10). On November 8, 2017, this Court denied Respondent's Motion to Dismiss the Petition, denied Petitioner's Motion to Hold his Petition in Abeyance, and granted Petitioner's Motion to Amend, ordering that Person file his Amended Petition on or before December 27, 2017. (*Id.* at 9).

Petitioner did not file his Amended Petition and on February 21, 2018, Magistrate Judge Greenberg issued an Order stating that in light of Person's *pro se* status, the Court would nonetheless consider the additional claims set forth in Petitioner's Motion to Amend. (*Id.*). On October 26, 2018, after receiving an extension of time, Petitioner filed his Traverse. (ECF #18).

Pursuant to 28 U.S.C. § 636 and Local Rule 72.2, this matter was referred to Magistrate Judge Jonathan D. Greenberg for the preparation of a report and recommendation. Magistrate Judge Greenberg issued his Report and Recommendation (ECF #19) on January 23, 2019, recommending that Petitioner's Writ of Habeas Corpus be denied. Objections to the Report and Recommendation were to be filed within fourteen (14) days of service. Person was granted an extension and on March 15, 2019, Petitioner filed his Objections to the Magistrate Judge's Report and Recommendation. (ECF #21).

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*. Fed. R. Civ. P. 72(b) provides this standard of review. It states, in pertinent part, the following:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

However, "when no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's notes (citations omitted).

The U.S. Supreme Court stated: "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to these findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

As Petitioner has filed Objections (ECF #21), this Court reviews the Report and Recommendation *de novo*.

## Discussion

The Court has carefully reviewed the Report and Recommendation and agrees with the findings set forth therein. The Court finds Magistrate Judge Greenberg's Report and Recommendation to be thorough, well-written, well-supported, and correct. After a *de novo* review of the record and Petitioner's Objections (ECF #21), the Court ADOPTS the Report and Recommendation of Magistrate Judge Greenberg. (ECF #19). Petitioner's 28 U.S.C. § 2254 habeas corpus petition (ECF #1) is DENIED.

## Certificate of Appealability

Pursuant to 28 U.S.C. § 2253, the Court must determine whether to grant a certificate of appealability as to any of the claims presented in the Petition. 28 U.S.C. § 2253 provides, in part, as follows:

> (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from --
>
> (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
>
> (B) the final order in a proceeding under section 2255.
>
> (2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).
>
> In order to make "substantial showing" of the denial of a constitutional right, as required

under 28 U.S.C. § 2255(c)(2), a habeas prisoner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4, 103 S. Ct. 3383, 77 L. Ed. 2d 1090 (1983).)

Where a district court has rejected the constitutional claims on the merits, the petitioner must demonstrate only that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Slack*, 529 U.S. at 484. Where the petition has been denied on a procedural ground without reaching the underlying constitutional claims, the court must find that the petitioner has demonstrated that reasonable jurists could debate whether the petition states a valid claim of the denial of a constitutional right *and* that reasonable jurists could debate whether the district court was correct in its procedural ruling. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.*

For the reasons thoroughly discussed in the Magistrate Judge's Report and Recommendation, a reasonable jurist could not conclude that this Court's assessment of Petitioner's claim is debatable or wrong. Accordingly, the Court declines to issue a certificate of appealability.

IT IS SO ORDERED.

_____
DONALD C. NUGENT
United States District Judge

DATED: April 16, 2019

5